UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-23620-CIV-ALTONAGA/Damian

**BETH COLLEEN MARTIN**,

    Plaintiff,
v.

**ELEVENTH JUDICIAL
CIRCUIT OF FLORIDA**, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court *sua sponte*. On September 20, 2023, Plaintiff filed a Complaint [ECF No. 1] asserting six claims for relief. (*See id.* ¶¶ 96–160). The claims — which arise from alleged violations of the Americans with Disabilities Act, the Rehabilitation Act of 1973, and 42 U.S.C. section 1983 — are asserted against the Eleventh Judicial Circuit of Florida; the Honorable Ivonne Cuesta, in her official capacity; Sandy Fox, in his individual and official capacity; and Sherrie Lewis-Thomas, in her individual capacity. (*See id.*). Upon initial screening of this Complaint, it is

**ORDERED** that on or before **October 6, 2023**, Plaintiff shall explain why the claims against Judge Cuesta in Counts I and III, which include requests for attorney's fees and costs, are not barred by judicial immunity, *see, e.g.*, *Lund v. Cowan*, 5 F.4th 964, 970–71 (9th Cir. 2021) (noting "[i]t is well settled that judges are generally immune from suit for money damages" (alteration added; quotation marks and citation omitted)); and what basis Plaintiff relies on to allege the Eleventh Judicial Circuit of Florida is an "entity" capable of being sued, *see, e.g.*, *Back v. Court of Common Pleas, Butler Cnty., Ohio*, No. 1:09-cv-554-HJW-TSH, 2010 WL 4273167,

CASE NO. 23-23620-CIV-ALTONAGA/Damian

at *2 (S.D. Ohio Sept. 2, 2010) (stating in Ohio, "a court can neither sue nor be sued in its own right" (quotation marks and citation omitted)).

**DONE AND ORDERED** in Miami, Florida, this 28th day of September, 2023.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record