IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 23-23620-CIV-ALTONAGA/Damian

BETH COLLEEN MARTIN,

    Plaintiff,

v.

THE ELEVENTH JUDICIAL CIRCUIT
OF FLORIDA, *et al.*

    Defendants.
_____/

**PLAINTIFF'S RESPONSE TO THE SEPTEMBER 29, 2023, *SUA SPONTE* ORDER**

    Plaintiff, BETH COLLEEN MARTIN, by and through undersigned counsel and pursuant to this Honorable Court's *Sua Sponte* Order, [ECF No. 4], provides the following response:

**I.    THE ELEVENTH JUDICIAL CIRCUIT OF FLORIDA IS AN "ENTITY" CAPABLE OF BEING SUED.**

    "Whether a party has the capacity to be sued is determined by the law of the state in which the district court sits." *Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x 696, 700 (11th Cir. 2013). Here, the state is Florida, and as such, we look to Florida law.

    Florida's Constitution provides that "[t]he judicial power shall be vested in a supreme court, district courts of appeal, circuit courts, and county courts." Fla. Const. art. V, § 1. The Florida Legislature has further confirmed that the circuit courts, which includes the Defendant Eleventh Judicial Circuit of Florida, are part of Florida's "State Courts System." *See* Fla. Stat. § 25.382 ("[S]tate courts system" means all officers, employees, and divisions of the Supreme Court, district courts of appeal, circuit courts, and county courts."); *Driessen v. 11th Judicial Circuit ex rel. Dade County.*, 522 F. App'x 797, 798 (11th Cir. 2013) (taking judicial notice). The Eleventh

Circuit has explained that Florida's "state court system—including employees of the circuit courts—is part of the judicial branch." *Zabriskie v. Ct. Admin.*, 172 F. App'x 906, 908 (11th Cir. 2006); *accord Invictus v. Ninth Jud. Cir.*, No. 5:21-CV-103-PGB-PRL, 2021 WL 11646315, at *3 (M.D. Fla. Aug. 26, 2021), *report and recommendation adopted*, No. 5:21-CV-103-PGB-PRL, 2021 WL 11646313 (M.D. Fla. Sept. 10, 2021). And "under Florida law, the judicial branch is a state agency." *Zabriskie*, 172 F. App'x at 908; *see also* Fla. Stat. § 111.071(3) (including "the judicial branch" in the definition of "state agency").

Plaintiff brings suit against the Eleventh Judicial Circuit of Florida under Title II of the ADA for violations of 42 U.S.C. § 12131(1), ("Title II"), and Section 505 of the Rehabilitation Act of 1973, through which Section 504 is enforced (the "Rehab Act"). [ECF No. 1, at 22–24, 26–28].

Title II prohibits disability discrimination by public entities. 42 U.S.C. § 12132. Title II defines a "public entity" as, *inter alia*, "any State or local government" or "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1)(A)–(B). Thus, given Florida's constitution, Fla. Const. art. V, § 1, Florida statutory law, Fla. Stat. §§ 25.382, 111.071(3), and interpretive case law, *e.g., Zabriskie*, 172 F. App'x at 908; *Driessen*, 522 F. App'x at 798, it is beyond dispute that the Eleventh Judicial Circuit of Florida qualifies as either a "department, agency . . . or other instrumentality" of the state of Florida. *See* 42 U.S.C. § 12131(1)(B). Accordingly, the Eleventh Judicial Circuit of Florida is an "entity" capable of being sued under Title II.

The Rehab Act prohibits disability discrimination under any "program or activity receiving Federal financial assistance." *See* 29 U.S.C. § 794(a). The Rehab Act defines "program or activity" as "a department, agency, special purpose district, or other instrumentality of a State or of a local

government." 29 U.S.C. § 794(b)(1). As with Title II, *supra*, it is beyond dispute that the Eleventh Judicial Circuit of Florida qualifies as either a "department, agency . . . or other instrumentality" of the state of Florida. *See id.* Therefore, under the Rehab Act, the Eleventh Judicial Circuit of Florida is also an "entity" capable of being sued.

To the extent this Honorable Court is concerned that sovereign immunity applies to Plaintiff's claims under Title II and the Rehab Act, it does not. Indeed, "Title II validly abrogates state sovereign immunity." *United States v. Georgia*, 546 U.S. 151, 159 (2006); *Nat'l Ass'n of the Deaf v. Fla.*, 980 F.3d 763, 774 (11th Cir. 2020); *see* 42 U.S.C. § 12202 ("A State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in Federal or State court of competent jurisdiction for a violation of this chapter."). So, too, does the Rehab Act: "Under the Rehabilitation Act, a state waives its sovereign immunity if it receives federal financial assistance." *Nat'l Ass'n of the Deaf*, 980 F.3d at 774 (quoting *Garrett v. Univ. of Ala. Birmingham Bd. of Trs.*, 344 F.3d 1288, 1290–91 (11th Cir. 2003); *see* 42 U.S.C. § 2000d-7(a)(1) ("A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973 . . . .").

In conclusion, not only is the Eleventh Judicial Circuit of Florida an "entity" capable of being sued, but it is also not entitled to Eleventh Amendment sovereign immunity pursuant to binding Eleventh Circuit and Supreme Court law.

**II. JUDICIAL IMMUNITY DOES NOT BAR THE CLAIMS AGAINST JUDGE CUESTA IN COUNTS I AND III OF THE COMPLAINT**

Your Honor's Order mandated Plaintiff

explain why the claims against Judge Cuesta in Counts I and III, which include requests for attorney's fees and costs, are not barred by judicial immunity, *see, e.g., Lund v. Cowan*, 5 F.4th 964, 970–71 (9th Cir. 2021) (noting "[i]t is well settled that

>judges are generally immune from suit for money damages" (alteration added; quotation marks and citation omitted)).

[ECF No. 4]. Given the explanatory parenthetical, Plaintiff understands this request as two separate questions: *First,* whether the judge is entirely immune from suit; and *second*, if not, whether attorney's fees and costs constitute damages from which the judge is immune. For the reasons set forth below, Plaintiff answers both questions in the negative.

We begin with four clarifying statements. *First*, Plaintiff does not sue Judge Cuesta in her individual capacity. Were Judge Cuesta sued in her individual capacity, Plaintiff concedes she would not qualify as a "public entity" under Title II *or* a recipient of federal assistance under the Rehab Act, and thus would not be amenable to suit under counts I and III. Instead, because Defendant Cuesta is sued in her official capacity, she is amenable to suit for the same reasons the Eleventh Judicial Circuit of Florida is: because she is an "officer" or "employee" of the State Court System. *See* Fla. Stat. § 25.382; *see also Zabriskie*, 172 F. App'x at 908 (explaining employees of the circuit courts are part of the judicial branch).

*Second*, Plaintiff does not sue Judge Cuesta for money damages. In this Honorable Court's Order [ECF No. 4], your Honor cites *Lund v. Cowan*, 5 F.4th 964, 970 (9th Cir. 2021), for the proposition that "judges are generally immune from suit for money damages." *Id.* (quoting *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001)). But the question for the *Lund* court was *not* whether judicial immunity shielded the defendant judge from suit *per se*, but instead "whether judicial immunity bars claims for **money damages** based on judicial statements made from the bench during a hearing." *Id.* at 971 n.3 (emphasis added). Here, unlike in *Lund*, the Plaintiff seeks

*prospective* declaratory and injunctive relief, not damages. [*See* ECF No. 1 at 3 ¶ 8, 23–24, 28]. For this reason and more,[1] *Lund* is inapplicable to the instant suit.

*Third*, Plaintiff does not sue Judge Cuesta pursuant to 42 U.S.C. § 1983. Had Plaintiff done so, Plaintiff concedes absolute judicial immunity would foreclose both damages *and* injunctive relief.

*Fourth*, in Count I (Title II), Plaintiff asserts four prayers for relief. One for declaratory relief; one for injunctive relief; one attorney's fees and costs; and one for other relief:

(i) A declaratory judgment finding Courthouse Defendants in violation of Title II and its implementing regulations;

(ii) A permanent injunction pursuant to 42 U.S.C. §12188(a)(2) and 28 CFR §35.160(a)1 and (b)1 directing Courthouse Defendants to take steps necessary to bring its policies into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that its services are fully accessible to, and independently usable by similarly situated disabled individuals;

(iii) Payment of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. §12205 and 28 CFR §36.505; and

(iv) Such other and further relief this Court deems just and proper under the circumstances.

[ECF No. 1, at 23–24]. In Count III (Rehab Act), Plaintiff asserts the identical four prayers for relief, with the sole exception that the federal statutory citations correspond to the Rehab Act. [*Id.* at 28]. Importantly, Plaintiff <u>did not</u> assert a claim for damages.

---

[1] The Ninth Circuit mooted four of Lund's counts because "Judge Cowan issued an order discharging the guardian." *Lund*, 5 F.4th at 968. For this reason, the court affirmed the district court's order denying leave to amend because the mooted counts foreclosed Lund's ability to establish *prospective* injunctive or declaratory relief because the controversy was no longer live. *Id.* at 968, 973. Here, however, the controversy is live, the discrimination is ongoing, and Plaintiff has valid claims for declaratory and injunctive relief. *See infra*.

### a. *Judge Cuesta is not entitled to judicial immunity from declaratory relief.*

As noted, Plaintiff asserted declaratory relief against Judge Cuesta. [*Id.* at 23, 28]. Nothing forecloses Plaintiff from bringing a claim against Judge Cuesta asserting declaratory relief. Indeed, there is a "universal view [among] the federal courts, with sound basis, that the common law doctrine of judicial immunity has never foreclosed declaratory relief." *Mahler v. Jud. Council of California*, 67 Cal. App. 5th 82, 110 (2021); *see Moore v. Urquhart*, 899 F.3d 1094, 1104 (9th Cir. 2018) ("Common law judicial immunity . . . . does not preclude a court from granting declaratory or injunctive relief."); *Severin v. Par. of Jefferson*, 357 F. App'x 601, 605 (5th Cir. 2009) ("[J]udicial immunity does not bar declaratory relief . . . ."); *see also Just. Network Inc. v. Craighead Cnty.*, 931 F.3d 753, 763 (8th Cir. 2019) (collecting cases).

Although some circuits have noted that "declaratory relief is limited to *prospective* declaratory relief," as opposed to "purely retrospective" relief, *Just. Network Inc.*, 931 F.3d at 764, the Eleventh Circuit has explained that "[D]eclaratory relief is by its nature prospective." *McGee v. Solic. Gen. of Richmond Cnty.*, 727 F.3d 1322, 1325 (11th Cir. 2013); *accord Brinson v. Providence Cmty. Corr.*, 703 F. App'x 874, 876 (11th Cir. 2017). Plaintiff's claims here are prospective; she does not seek declaratory relief to remedy past acts, but rather she seeks prospective relief to define Plaintiff's rights pursuant to federal law due to the *ongoing* violations in the Underlying Action. For this reason, Judge Cuesta is not entitled to judicial immunity against Plaintiff's claims for declaratory relief in Counts I and III.

### b. *Judge Cuesta is not entitled to judicial immunity from injunctive relief.*

In *Pulliam v. Allen*, the Supreme Court "conclude[d] that judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity." 466 U.S. 522, 541–42 (1984). "In making this determination, the Court concluded that, consistent with the

development of immunity in English common law, American courts had never adopted a rule of absolute judicial immunity to claims for injunctive relief." *Bolin v. Story*, 225 F.3d 1234, 1240 (11th Cir. 2000). The Court explained that it found no support in § 1983 "that Congress intended to limit the injunctive relief available under § 1983 in a way that would prevent federal injunctive relief against a state judge." *Pulliam*, 466 U.S. at 540.

In 1996 however, Congress responded. It "enacted the Federal Courts Improvement Act ("FCIA"), in which it amended § 1983 to provide that 'injunctive relief shall not be granted' in an action brought against 'a judicial officer for an act or omission taken in such officer's judicial capacity unless a declaratory decree was violated or declaratory relief was unavailable.'" *Bolin*, 225 F.3d at 1242 (cleaned up). Thus, since 1996, it is widely held that § 1983 actions are mostly limited to declaratory relief. Not so for Title II or the Rehab Act.

Indeed, Congress did not respond to either Title II or the Rehab Act in the same way it did to *Pulliam* in § 1983 actions. Unlike in § 1983 since the 1996 amendment, nowhere in the text of Title II or the Rehab Act has Congress limited an aggrieved litigant's ability to seek injunctive relief against a judicial officer. Instead, the explicit waiver of sovereign immunity, *supra*, and the wide breadth of available remedies available therein suggest the opposite. *See* 42 U.S.C § 12202 (making remedies "at law and in equity" available against the states "to the same extent as such remedies are available for such a violation in an action against any public or private entity"); 42 U.S.C. § 2000d-7(a)(1) (same).

Because there is no support in either Title II or the Rehab Act "that Congress intended to limit the injunctive relief available . . . in a way that would prevent federal injunctive relief against a state judge," Judge Cuesta is not entitled to judicial immunity from injunctive relief as set forth in Counts I and III of the Complaint. *See Pulliam*, 466 U.S. at 540.

    c. ***Judicial immunity from damage claims does not extend to discretionary awards of attorney's fees and costs of suit.***

Successful litigants in Title II and Rehab Act actions are, at the court's discretion, entitled to a reasonable award of attorney's fees and costs. Indeed, Title II provides: "In any action . . . commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs . . . ." 42 U.S.C. § 12205; *see also* 28 C.F.R. § 36.505. Similarly, the Rehab Act provides: "In any action or proceeding to enforce or charge a violation of a provision of this subchapter, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 29 U.S.C. § 794(b); *see also* 28 C.F.R. § 36.505.

The question here is whether seeking a discretionary award of attorney's fees and costs against Judge Cuesta in a suit for declaratory and injunctive relief is equivalent to a suit for monetary damages. The answer is no, it is not.

In *ACLU of Tennessee v. Tennessee*, 502 F. Supp. 388 (M.D. Tenn. 1980), the Middle District of Tennessee cited the Supreme Court in clarifying that attorney's fees in a suit for declaratory and injunctive relief is fundamentally different than a claim for money damages:

> The Attorney General argues that his office is immune from an award of attorney's fees, but his two arguments can be summarily treated. The first argument is based on the premise that prosecutors are immune from liability for money damages. This argument ignores the fact that the Attorney General was not sued for money damages in this action: **this action was for declaratory and injunctive relief, from which prosecutors are not immune**. *See Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719, 736–38 (1980). The argument reflects a profound insensitivity to the difference between an award of attorney's fees to a prevailing party in a suit for declaratory and injunctive relief, and a suit for money damages. Although the point should be obvious, **an application for attorney's fees is not an action for money damages.** *See id.* Accordingly, a prosecutor's **immunity from suits for money damages is completely irrelevant in determining whether his office should be required to pay attorney's fees when it loses a lawsuit for declaratory or injunctive relief.**

*Id.* at 390 (emphasis added).

Just like in *ACLU of Tennessee*, this is an action for declaratory and injunctive relief from which Judge Cuesta is not immune. Just like in *ACLU of Tennessee*, a request for discretionary attorney's fees and costs is not equivalent to an action for money damages. And because Plaintiff has specifically asserted claims for declaratory and injunctive relief against Judge Cuesta—and not claims for money damages—"immunity from suits for money damages is completely irrelevant" to an attorney's fees request. *See id.* For this reason, Judge Cuesta's otherwise absolute immunity from suits for money damages does not foreclose discretionary requests for attorney's fees in this action. *Id.*

### III. CONCLUSION

For the foregoing reasons, Plaintiff has validly asserted Title II and Rehab Act claims against: (a) the Eleventh Judicial Circuit of Florida, because (i) it is an "entity" capable of being sued and (ii) sovereign immunity has been abrogated; and (b) Judge Cuesta, because (i) she is not entitled to judicial immunity from declaratory or injunctive relief and (ii) attorney's fees and costs are not equivalent to an action for money damages.

Dated this 6th day of October 2023.

Respectfully submitted,

By: */s/ Reid Levin*
Reid Levin, Esq.
Florida Bar No. 1038933
**Reid Levin, PLLC**
P.O. Box 880682
Boca Raton, Florida 33488
Phone: (561) 866-6089
Email: reid@reidlevinpllc.com
***Attorney for Plaintiff Beth Colleen Martin***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of October, 2023, a copy of this document was filed electronically through the CM/ECF system and furnished by email to all counsel of record.

By: */s/ Reid Levin*
Reid Levin, Esq.